```
                United States District Court
                  District of Massachusetts
```

| | |
|---|---|
| Jake Crooker, ) | |
|     Petitioner, ) | |
| ) | |
|         v. ) | Criminal Action No. |
| ) | 09-30017-NMG |
| United States of America, ) | |
|     Respondent. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a petition filed by Jake C. Crooker ("Crooker" or "petitioner") seeking to invalidate his misdemeanor conviction for possession of marijuana. Now pending before this Court are motions to 1) invalidate his conviction, 2) vacate his conviction, 3) convene a hearing on his motions to vacate and invalidate his conviction and 4) recuse United States District Judge Michael Ponsor. For the following reasons, those motions will be denied.

**I.   Background**

In July, 2009, Crooker was indicted on one count of being an unlawful drug user in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(3) and one count of possession of marijuana in violation of 21 U.S.C. § 844. He proceeded to trial by jury presided over by Judge Michael A.

Ponsor and, in July, 2010, was acquitted of the firearm charge but convicted of misdemeanor possession of marijuana for which was subsequently fined $4,000. That conviction did not result in any imprisonment or probation but Crooker appealed it nevertheless and, in July, 2012, the First Circuit Court of Appeals affirmed. See United States v. Crooker, 688 F.3d 1 (1st Cir. 2012).

In May, 2018, six years after the affirmance, Crooker filed the instant petition seeking to vacate his misdemeanor conviction. In essence, Crooker claims that the misconduct of Sonja Farak, a former chemist with the Massachusetts Department of Public Health who tested several of items related to his case, justifies the vacation of his conviction.

In April, 2019, the Assistant Federal Public Defender ("the AFPD") appointed to represent Crooker in connection with the instant petition filed a motion seeking to withdraw as counsel. In the accompanying brief, the AFPD stated that petitioner's claim lacked a good faith basis because petitioner 1) was not in custody and was therefore barred from utilizing 28 U.S.C. § 2255 and 2) could not demonstrate extraordinary circumstances warranting a writ of error coram nobis. In January, 2020, this Court allowed that motion and permitted the plaintiff to proceed pro se.

## II.   Motion to Invalidate Conviction/Motion to Vacate

### A.   28 U.S.C. § 2255

Crooker has no viable claim to post-conviction relief pursuant to 28 U.S.C. § 2255 which provides a remedy to "[a] prisoner in custody under sentence of a court." Petitioner is not, and has never been, in custody as a result of the conviction which he now challenges. He was only made subject to a fine.

Moreover, § 2255(f) provides for a one-year statute of limitations on any post-conviction attack which begins to run when the "facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." See § 2255(f)(4); See also United States v. Gaudette, No. 09-cr-30014, 2015 WL 6870051, at *1 (D. Mass. Nov. 6, 2015). The misconduct of Sonja Farak, the subject of petitioner's motion, was discovered in January, 2013. Ms. Farak was convicted of various offenses relating to her lab misconduct in January, 2014, and in April, 2016, the Office of the Massachusetts Attorney General released a widely-publicized report about her misconduct. Petitioner did not file his motion until May, 2018, well outside the mandated one-year limitation.

### B.  Writ of Error Coram Nobis

When a petitioner is not in custody (and thus ineligible to utilize § 2255), he may seek a writ of error coram nobis to correct a fundamental error in a conviction. See United States v. Morgan, 346 U.S. 502, 512-13 (1954).  Coram nobis is an "extraordinary remedy" that is to be granted only under remarkable circumstances. Id. at 511; See also Williams v. United States, 858 F.3d 708, 715 (1st Cir. 2017) (describing coram nobis as "strong medicine" to be dispensed sparingly) (internal citations omitted).

A writ of error coram nobis is appropriate only when a claimant: 1) adequately explains his/her failure to seek earlier relief through other means; 2) demonstrates that he/she continues to suffer significant collateral consequences from the judgment and that issuance of the writ will resolve those consequences; and 3) shows that the original judgment was based on a fundamental error. See Murray v. United States, 704 F.3d 23 (1st Cir. 2013).  Even when this test is satisfied, the claimant must confirm that justice demands this extraordinary form of relief. See United States v. George, 676 F.3d 249, 255 (1st Cir. 2012).

Here, as ably pointed out by the AFPD, Crooker has made no such showing.  He has not demonstrated that his conviction was

-4-

based on fundamental error. Ms. Farak's testimony was far from the only evidence presented by the government at petitioner's trial. The Drug Enforcement Agency ("DEA") proffered testimony from its own chemist who confirmed that items seized from petitioner contained marijuana. Furthermore, petitioner contested the seizure of the items tested by Ms. Farak before the First Circuit which affirmed his conviction and noted that the government had presented "a wealth of other evidence" against Crooker. See Crooker, 688 F.3d at 9.

Moreover, Crooker has failed to demonstrate that he continues to suffer any significant collateral consequences from his conviction. As noted by the First Circuit, "conviction alone is not enough" to comprise such consequences. George, 676 F.3d at 255-56; See also Hager v. United States, 993 F.3d 4, 5 (1st Cir. 1993).
Petitioner has alleged neither continuing collateral consequences nor fundamental error underlying his original conviction. His writ of error coram nobis is therefore unsustainable.

-6-

**ORDER**

For the foregoing reasons petitioner's motions to vacate and invalidate his conviction (Docket Nos. 157 & 164) are **DENIED**. Petitioner's motion for a hearing (Docket. No. 174) and his motion to recuse Judge Ponsor (Docket No. 175) are **DENIED as moot**.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated April 27, 2020